JACKSON, *ex dem.* BOGERT, *against* SCHAUBER.

A party has    AT the last term, a rule was made staying all proceed
t  days  after
judgment   ings on the execution in this cause, until further order ; on
within  which the ground that a writ of error had been brought.  (Vide
both to bring
his writ of er- ante, 417.)
ror, and put in
bail ; and this
shall supersede    *L. H. Palmer*, on affidavits that personal property had
execution
levied  before been taken, and was now in the hands of the sheriff, moved
either writ of that he be allowed to proceed and sell.  He said that
error filled, or
bail put in.  otherwise, the property must remain on his hands at great
expense ; and some of it would perish before the writ of
error could be determined.

*J. T. B. & A. Van Vechten*, contra.

[*491]          *Curia*.  We must have intended at the last term, to set
this execution aside ; or to do what was equivalent.  The
fact of the levy did not appear very distinctly ; and we
might, therefore, have supposed that staying the execution
would be the same thing in effect.  But we held the writ
of error regularly brought; and the direct consequence
should have been the setting aside of the execution.

*Palmer* said he was not aware that the court intended to lay down what he supposed to be a new rule; that the party should have four days to bring his writ of error, so as to supersede an examination already levied.

ALBANY,
Oct. 1827.
———
Ex parte
Hawks.

SAVAGE, Ch. J., doubted whether that could be called a new rule in this court.  He considered *Blunt* v. *Greenwood*, (1 Cowen, 15,) as laying down such a rule.

*Palmer* said he had looked into that case; and thought it equivocal, whether four days both for a writ of error and bail were to be allowed; or whether, according to the old practice, the writ must be filed before execution levied, to become a supersedeas by bail within the four days, though the execution should be levied intermediate the writ filed, and bail put in.

SUTHERLAND, J.  That appears to me to be a distinction not warranted by the reason and principle of the case.  The writ of error derives its effect upon the execution entirely from the bail.  Till that be in, whether the writ of error be filed or not, it is a nullity as to the execution.  Thus, the rule now stated by counsel is, in effect, the same as that laid down in this case; that the party shall have his four days for both writ of error and bail; and that a judge at chambers may enlarge the time.

*Per totam curiam,*

Execution set aside.

---

*Ex parte* HAWKS.                    [*492]

JUDGMENT being rendered in a justice's court, against the relator, at the suit of Cassidy, who sued as well for himself as for the overseers of the poor of the town of Milo

On appeal
from a judg-
ment rendered
before a justice
in favor of H.
*q. t.* the over-

seers of the poor; held, that the appeal bond must run to H. alone; not to him and the overseers.